## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-238 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeremiah Deshawn Johnson (2), and Rasson Valentine (3), | |
| Defendants. | |

This matter comes before the Court on the Government's Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act and to continue all deadlines by at least 60 days (Mot., ECF No. 44).

## I. COMPLEX-CASE DESIGNATION

This case involves multiple counts of uttering counterfeit obligations. (Mot. ¶ 1.) In support of its motion to designate this case as complex, the Government states that the case and discovery process is particularly complex given "the breadth of the alleged conspiracy, as well as the number of alleged forged instruments uttered and places where they were uttered," including "at least four states—Minnesota, Illinois, Indiana, and Wisconsin." (Mot. ¶ 2.) The Indictment charges Defendants "with twenty-eight separate incidents." (Mot. ¶ 2.) The Government states that there are also additional uncharged incidents "which may be either inextricably intertwined with the charged acts, or admissible pursuant to Rule 404(b)." (Mot. ¶ 2.) Additionally, "discovery is voluminous." (Mot. ¶ 2.) These materials include police reports, counterfeit $100 Federal Reserve Notes,

1

photographs, video surveillance, witness statements, and follow up investigative reports, totaling "tens of thousands of documents, as well as seventy-five gigabytes of media data." (Mot. ¶¶ 2-3.)

In sum, the Government asserts that this case is complex because it "will require extensive document and evidence review and preparation, such that it is unreasonable to expect adequate preparation . . . within the time limits of the Speedy Trial Act or the time limits as typically set." (Mot. ¶ 8.) The Government has conferred with counsel for Defendants, and they agree with the bases proffered by the Government for designating the case as complex and do not oppose the motion. (Mot. ¶ 9.)

The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), due to the large amount of discovery and the number of alleged criminal incidents, this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

## II. EXTENSION OF DEADLINES

As stated above, the Government has also moved for a continuance of all deadlines by 60 days given the complexity of the case. (Mot. ¶ 9.) The Government further states that "an enlargement of time allows the opportunity for all defendants' scheduling orders to be aligned so as not to waste judicial resources. (Mot. ¶ 8.) Defendants do not oppose the motion. (Mot. ¶ 9.) The Court additionally finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide the Government, Defendants, and the parties' respective attorneys

reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On March 4, 2022, Chief Judge Tunheim entered General Order No. 34, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 34 (D. Minn. Mar. 4, 2022).  General Order No. 34 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 34 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 34 further provides that the presiding judge

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.
[2] *See also* General Order No. 33, which went into effect on December 21, 2021, vacated General Order No. 31, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 33 (D. Minn. Dec. 21, 2021).

will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should a defendant file pretrial motions, counsel shall also file a letter indicating whether that defendant consents to a motions hearing by videoconference.**  *See, e.g.*, ECF Nos. 25, 40.

### III. ORDER

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Unopposed Motion to Designate Case as Complex Under the Speedy Trial Act, ECF No. 44, is **GRANTED**.

2. This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The period of time from **March 7, 2022, through June 7, 2022**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

4. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **May 16, 2022**.  D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

5. **Should a defendant file pretrial motions, counsel shall also file a letter on or before May 16, 2022, indicating whether that defendant consents to a motions hearing by videoconference**. *See, e.g.,* ECF Nos. 25, 40.

6. Counsel shall electronically file a letter on or before **May 16, 2022**, if no motions will be filed and there is no need for hearing.

7. All responses to motions shall be filed by **May 31, 2022**. D. Minn. LR 12.1(c)(2).

8. Any Notice of Intent to Call Witnesses shall be filed by **May 31, 2022**. D. Minn. LR. 12.1(c)(3)(A).

9. Any Responsive Notice of Intent to Call Witnesses shall be filed by **June 3, 2022**. D. Minn. LR 12.1(c)(3)(B).

10. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

11. **If required, the motions hearing shall take place before the undersigned on June 7, 2022, at 1:00 p.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.** D. Minn. LR 12.1(d).

12. **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Ann D. Montgomery to confirm the new trial date.**

Dated: March __16__, 2022                     _s/Tony N. Leung_
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota


                                              *United States v. Johnson et al.*
                                              Case No. 21-cr-238(2), (3) (ADM/TNL)